IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. STEPHENSON, | ) | |
| | ) | CIVIL ACTION NO 04-1436 |
| Plaintiff, | ) | |
| | ) | JUDGE GARY L. LANCASTER |
| v. | ) | |
| | ) | ELECTRONICALLY FILED |
| J.S.P. INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Recognizing that some of the documents and information which have been and/or will be produced in this matter by Plaintiff, John R. Stephenson (referred to herein as "Plaintiff"), and Defendant J.S.P. International ("JSP") may include information which is considered confidential (medical records, and Defendant's Employee Records), Plaintiff and Defendant agree to produce such documents and information for use in the above-entitled action subject to the limitations set forth in this Confidentiality Stipulations and Protective Order. The parties further agree that by agreeing to this Order, they are in no way waiving any appropriate objection to discovery requests of the other, which are in all respects preserved.

Therefore, it is agreed by the parties, through their attorneys and subject to the approval of the Court, that:

1. Documents, information, or tangible items produced by either Plaintiff or Defendant which constitutes or contains Plaintiff's medical history and records, and documents produced by Defendant which constitute or contain Plaintiff's employee records or Defendant's records concerning any other of its employees, shall be designated confidential Information within the meaning of this Order in the following ways:

1

        a.      In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL – Protective Order", or similar language.

        b.      In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the Confidential Information the legend "CONFIDENTIAL – Protective Order", or similar language.

        c.      In the case of tangible items, designation shall be made by visibly marking the item 'CONFIDENTIAL – Protective Order", or similar language.

        d.      In producing files and records for inspection and photocopying, no marking need be made by Plaintiff or Defendant in advance of the inspection and photocopying. For purposes of the inspection and photocopying, all documents produced by Plaintiff as to Plaintiff's medical records and by Defendant of Plaintiff's or any other employee's records produced, shall be considered non-public confidential information and subject to this protective order. Thereafter, Plaintiff and Defendant shall be given an opportunity to mark as "CONFIDENTIAL – Protective Order", or similar language the copies of such documents as may contain Confidential Information. Until Plaintiff or Defendant so marks such documents, or if Plaintiff or Defendant is not given an opportunity to so make such documents, all documents produced shall be considered non-public confidential information and subject to this protective order.

    2.      As to produced or revealed matter designated "CONFIDENTIAL" in accordance with paragraph 1 above, subject to paragraph 3 below:

        a.      All such matter shall be used solely for purposes of this lawsuit.

b.  The party receiving the production or the information and their counsel (herein called the "receiving party") shall not disclose such matter except to the following described groups or persons:

(i)  all legal counsel (inside and outside) for the receiving party assisting in this litigation and their respective legal assistants, stenographic and clerical employees, as well as outside copying, graphic and computer services performing services in conjunction with this litigation.

3.  All individuals, including the individual parties to this action, except counsel, legal assistants, and counsel's stenographic and clerical staff to whom "CONFIDENTIAL" matter is disclosed shall, prior to such disclosure, be informed of the existence of this Confidentiality Stipulation and Protective Order, shall be provided with a copy thereof and shall be instructed that such matter may not be used other than in connection with this litigation and may not be disclosed to anyone other than those persons contemplated by the Confidentiality Stipulation and Protective Order, court reporters recording testimony in this case, and necessary notarizing officers.  In addition, such individuals to whom Confidential Information / "CONFIDENTIAL" matter is disclosed, including, *inter alia*, Defendants J.S.P. International ("Defendants") and its outside technical and other advisors (including expert(s)), shall prior to such disclosure, execute and agreement to be bound by this Confidentiality Stipulation and Protective Order in the form attached hereto as Exhibit "A".

4.  Confidential Information shall be used only for purposes of the litigation between Plaintiff and Defendant in this action and this Order shall in no way restrict or limit the rights afforded the Parties under the Federal Rules of Civil Procedure, Federal Rules of Evidence, the local rules of this Court or the governing law of this case.

5. With respect to portions of any depositions taken in this case containing discussions or use of Confidential Information as otherwise described in this Stipulation, Plaintiff and Defendant shall have until thirty (30) days after receipt of the deposition transcript within which to inform Defendants in writing what portions of the transcripts are to be designated as Confidential Information. Prior to such designation or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed Confidential Information.

6. If any party receiving production of any material from Plaintiff or Defendant designated as "CONFIDENTIAL" wishes to provide any of such material to the Court, such party shall either i) first seek written permission from Plaintiff's counsel or Defendant's counsel, to file such material in the public Court records; ii) provide a copy of the "CONFIDENTIAL" material for the court's in camera review and not to be filed in the public record; or iii) file all such "CONFIDENTIAL" material under seal with the Court's permission.

7. Nothing herein shall restrict Plaintiff or Defendant from using her or their own "CONFIDENTIAL" documents or information.

8. It is not the intention of this Stipulation and Protective Order to deal with any discovery objections including those on the groups of attorney/client privilege or work product immunity, or to preclude any party from seeking further relief, modification or this Confidential Stipulation and Protective Order, or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

9. At the termination of this litigation, all copies of documents or other discovery materials in the possession of any receiving party, their counsel or advisers containing matters designated as "CONFIDENTIAL" – Plaintiff's medical records" by Plaintiff or Defendant as to employee records, shall be returned promptly to counsel for Plaintiff or Defendant.

SO ORDERED:

Dated: __1-26-06__   _____/s/ signature_____ J.

Confidentiality Stipulation and Protective Order Stipulated to:

| LAW OFFICE OF NEAL A. SANDERS | JACKSON LEWIS LLP |
|---|---|
| ___/s/Neal A. Sanders___<br>Neal A. Sanders, Esquire<br>Pa. I.D. No. 54618<br><br>1924 North Main Street Extension<br>Butler, PA  16001<br>(724) 282-7771<br>(724) 285-6341<br><br>*Counsel for Plaintiff:*<br>*John R. Stephenson*<br><br>Dated: January __26__, 2006 | ___/s/A. Patricia Diulus-Myers___<br>A. Patricia Diulus-Myers<br>Pa. I.D. No. 33337<br>Mark D. Yablonski<br>Pa. I.D. No. 81377<br>diulusmp@jacksonlewis.com<br>One PPG Place, 28th Floor<br>Pittsburgh, PA  15222<br>(412) 232-0404<br>(412) 232-3441 *facsimile*<br><br>*Counsel for Defendant:*<br>*JSP International LLC*<br><br>Dated: January __26__, 2006 |